UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERNON SNYPE, | : | CIVIL ACTION NO. 3:CV-14-1471 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

FILED
SCRANTON
DEC - 3 2014
PER _____
DEPUTY CLERK

## MEMORANDUM

Petitioner, Vernon Snype, an inmate presently confined in the Allenwood Federal Correctional Institution, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1, petition). He challenges a sentence imposed by the United States District Court for the Southern District of New York for bank robbery. Id. Specifically, Petitioner claims that his "current federal sentence was enhanced based upon unconstitutional prior state convictions." Id. A response and traverse having been filed, the petition is ripe for disposition. For the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

## Background

On June 1, 2004, following a jury trial in the United States District Court for the Southern District of New York, Snype was found guilty on one (1) count of

conspiracy to commit bank robbery, in violation of 18 U.S.C. §§ 371, 2113.[1] See United States v. Snype, 441 F.3d 119 (2d Cir. 2006). He was sentenced to life in prison pursuant to § 70001(2) of the Violent Crime Control and Law Enforcement Act of 1994 (commonly referred to as the "three-strikes" law). Id. Snype was given an enhanced sentence based upon his three (3) New York convictions for serious violent felonies. Id.

Snype filed an appeal of his judgment and sentence to the United States Court of Appeals for the Second Circuit. Id. On March 17, 2006, Snype's conviction was affirmed. See United States v. Snype, 441 F.3d 119 (2d Cir. 2006), cert. denied, 549 U.S. 923 (2006), rehearing denied, 549 U.S. 1090 (2006).

On October 24, 2007, Petitioner filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. See U.S. v. Snype, 2009 WL 2611930 (S.D. N.Y. Aug. 24, 2009).

By Memorandum decision dated August 24, 2009, Petitioner's § 2255 motion was denied. Id. On October 6, 2009, Petitioner's motion for reconsideration was denied. See U.S. v. Snype, 2009 WL 3172728 (Oct. 6, 2009).

---

1. The jury was unable to reach a verdict on substantive charges of bank robbery, 18 U.S.C. § 2113(a); aggravated bank robbery, § 2113(d); and using a firearm in relation to aggravated bank robbery, § 924(c), prompting the district court to declare a mistrial and to sever those counts for retrial following resolution of his appeal. Id.

On February 12, 2014, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 with this Court, challenging his federal sentence on the ground that it was "enhanced based upon unconstitutional prior state convictions." See Snype v. U.S., Civil No. 3:14-cv-0249. By Memorandum and Order dated April 29, 2014, the petition for writ of habeas corpus was dismissed without prejudice to Petitioner requesting leave from the Second Circuit Court of Appeals to file a second or successive petition. Id.

In May 2014, Snype petitioned the United States Court of Appeals for the Second Circuit for leave to file a second or successive petition in the United States District Court for the Southern District of New York. (Doc. 1 at 60, Order).

By Order dated June 5, 2014, the Second Circuit Court of Appeals denied his request because "[n]one of Petitioner's claims rely on any newly discovered evidence within the meaning of § 2255(h), or a new rule of law that has been made retroactive to cases on collateral review by the Supreme Court." Id.

On July 11, 2014, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, again challenging the District Court's enhancement to his sentence as "based upon unconstitutional prior state convictions." (Doc. 1, petition).

**Discussion**

Motions filed under 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution or laws of the United States or are otherwise subject to collateral attack. Davis v. United States, 417 U.S. 333, 343 (1974); O'Kereke v. United States, 307 F.3d 117, 122–23 (3d Cir. 2002). A "second or successive motion must be certified as provided in section 2244 [28 U.S.C. § 2244] by a panel of the appropriate court of appeals...." 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Where a petitioner fails to obtain prior authorization from the court of appeals, the district court lacks jurisdiction over a second or successive section 2255 motion. See Pelullo v. United States, 487 Fed. Appx. 1, 2 n.2 (3d Cir. 2012).

Review of a petition filed pursuant to 28 U.S.C. § 2241 is limited to circumstances where the remedy available under section 2255 is inadequate or ineffective to test the legality of detention. See 28 U.S.C. § 2255(e); O'Kereke, 307 F.3d at 120 (explaining that this exception is extremely narrow). "A motion under § 2255 is inadequate or ineffective 'only where the petitioner demonstrates that some

limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his claim of wrongful detention.'" Yuzarv v. Samuels, 269 Fed. Appx. 200, 201 (3d Cir. 2008) (quoting Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002)). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id.; In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538. Section 2241 should not be used as a way of evading the gatekeeping requirements of section 2255. Brown v. Mendez, 167 F. Supp. 2d 723, 727 (M.D. Pa. 2001) (Vanaskie, J.). If a petitioner improperly challenges a federal conviction or sentence under 28 U.S.C. § 2241, the petition must be dismissed for lack of jurisdiction. See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

As the Third Circuit Court of Appeals explained in Cradle v. United States, when determining whether § 2255 is inadequate or ineffective, it is the "inefficacy of the remedy, **not the personal inability to use it**, that is determinative." 290 F.3d 536, 538 (3d Cir. 2002) (emphasis added). Under this test, the petitioner bears the burden of establishing that § 2255 does not provide him with a fair opportunity to seek

collateral relief. Cradle, 290 F.3d at 539; Brown v. Mendez, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001) (citing Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001)).

Section 2255 is not inadequate or ineffective merely because the petitioner has been denied relief under § 2255. Dorsainvil, 119 F.3d at 251 (citing cases in which § 2255 is not "inadequate or ineffective" even though the prisoner was unable to raise a successful claim under it). Nor is § 2255 inadequate because the petitioner is unable to meet § 2255's stringent gatekeeping requirements. Dorsainvil, 119 F.3d at 251; United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000) (holding that a petitioner cannot evade the Antiterrorism and Effective Death Penalty Act's (AEDPA) requirements for second or successive § 2255 petitions by filing a writ of coram nobis).

As recognized in Dorsainvil, a federal prisoner can pursue relief under § 2241 only where a subsequent statutory interpretation reveals that the prisoner's conduct is not criminal so as to avoid a complete miscarriage of justice. Dorsainvil, 119 F.3d at 251; see also Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002) (holding § 2241 may not be used to raise an Apprendi claim that is barred by the procedural limitations imposed by the AEDPA); United States v. Brooks, 230 F.3d 643 (3d Cir. 2000), opinion sur panel rehearing, 245 F.3d 291 (3d Cir. 2001);

Kinder v. Purdy, 222 F.3d 209, 211 (5th Cir. 2000) (concluding § 2241 may not be used to challenge a determination that the prisoner was a career offender under U.S.S.G. § 4B1.1 where subsequent statutory interpretation revealed that the conduct at issue could not support a finding that the prisoner was a career offender); Brown v. Mendez, 167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001). "Section 2241 is not available for intervening changes in the sentencing law," such as arguments based on Apprendi. United States v. Kenney, 391 F. App'x 169, 172 (3d Cir. 2010). Sentencing claims "[do] not fall within the purview of the savings clause." Adderly v. Zickefoose, 459 F. App'x 73 (3d Cir. 2012); Okereke, 307 F.3d at 120.

      Here, Petitioner argues that his sentence is unconstitutional because of the enhancement rendered by three (3) prior state convictions. (Doc. 1, petition). He contends that § 2241 is the only relief available to him because his attempt to raise these claims via a successive § 2255 petition was denied by the Second Circuit Court of Appeals. Id. As noted by the Court of Appeals, Petitioner's motion was denied because he could not satisfy the criteria set forth in § 2255(h), as his claims did not rely "on any newly discovered evidence within the meaning of § 2255(h), or a new rule of law that has been made retroactive to cases on collateral review by the Supreme Court." (Doc. 1 at 60, Order).

      Section § 2255 "is not 'inadequate or ineffective' merely because the

sentencing court has denied relief ... or because the petitioner cannot meet the gatekeeping requirements of § 2255." Dorsainvil, 119 F.3d at 251; see also Pack v. Yusuff, 218 F.3d 448, 453 (5th Cir. 2000) (stating that "[a] ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render those procedural requirements a nullity and defy Congress' clear attempt to limit successive habeas petitions."); United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999) (noting simply that because a prisoner cannot meet AEDPA's "second or successive" requirements does not make § 2255 inadequate or ineffective;" to permit such a result "would make Congress' AEDPA amendment of § 2255 a meaningless gesture"); In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998) (finding the argument that the "inadequate or ineffective" language of § 2255 permits a prisoner to turn to § 2241 when prevented from obtaining relief under § 2255 "can't be right; it would nullify the limitations"); Triestman v. United States, 124 F.3d 361, 376 (2d Cir. 1997) (stating if a prisoner could bring a § 2241 action simply when unable to bring a § 2255 petition, "then Congress would have accomplished nothing at all in its attempts -- through statutes like AEDPA -- to place limits on federal collateral review").

Thus, Petitioner cannot benefit from the ruling in <u>Dorsainvil</u> as he has not claimed that he was convicted for conduct that is now recognized as not being criminal. While "habeas jurisprudence allows the courts to hear a successive petition to avoid a miscarriage of justice if the petitioner makes a 'strong showing of actual innocence,' …., [i]nnocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense such that the remedy afforded by section 2255 would be inadequate or ineffective." <u>Brown v. Bledsoe</u>, 2012 WL 92344, *8 (M.D. Pa. 2012) (citing <u>Pryce v. Scism</u>, 2011 WL 41883, *4 (M.D. Pa. 2011) (Jones, J.)). As such, Petitioner has failed to meet the limited exception recognized in <u>Dorsainvil</u>.

Petitioner asks this Court to apply <u>Bryant v. Warden</u>, 738 F.3d 1253 (11th Cir. 2013), in which the Eleventh Circuit Court of Appeals held a prisoner had satisfied the requirements of the § 2255 savings clause. <u>See</u> (Doc. 1 at 10). As an initial matter, <u>Bryant</u> is irrelevant because it is not binding law in the Third Circuit. The requirements to invoke the § 2255 savings clause in the Third Circuit are discussed above, and Snype cannot meet those requirements. But even if this Court were required to follow <u>Bryant</u>, the outcome would be no different. <u>Bryant</u> held the petitioner there could invoke the § 2255 savings clause because his argument had been foreclosed by binding circuit precedent at the time he was sentenced and

through his direct appeal and § 2255 motion, but was subsequently overturned by the Supreme Court in a decision expressly held to be retroactively applicable on collateral review.  Here, Snype has not identified any binding precedent foreclosing his argument at the time; he has not identified any Supreme Court opinion overturning that precedent; and he has not shown that Supreme Court opinion to be retroactively applicable on collateral review.  <u>Bryant</u> is wholly distinguishable from Snype's case, and offers him no relief.  Consequently, his petition will be dismissed for lack of jurisdiction.  <u>See</u> <u>Application of Galante</u>, 437 F.2d at 1165.

    A separate Order will be issued.

Dated: December 3, 2014

                                                         *[signature]*
                                            **United States District Judge**